UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

AYANA E. APARICIO,

                         Plaintiff,             Case No.:

                 - against -

UBER TECHNOLOGIES, INC. and "JOHN DOE,"
name fictitious intended for that of the operator of
a motor vehicle bearing NYS license plate
number T782381C,

                           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Local Rule of Civil Procedure 81.1, Defendant Uber Technologies Inc. ("Uber") hereby gives notice of the removal of this action, which is currently pending in the Supreme Court of New York in Kings County, captioned *Ayana E. Aparicio v. Uber Technologies, et al.*, Index No. 517094/2022, to the United States District Court for the Eastern District of New York. As grounds for removal, Uber states as follows:

      1.      Uber removes this case on the basis of diversity jurisdiction on the grounds that there is complete diversity of citizenship among the properly joined parties to this litigation and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a)(1) ("[t]he district courts have shall original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.")

## BACKGROUND

2. On June 14, 2022, Plaintiff Ayana E. Aparicio ("Plaintiff") filed a Complaint in the Supreme Court of New York, County of Kings, alleging that she was a pedestrian who was injured in an automobile collision that occurred on December 11, 2018, in Brooklyn, New York. A copy of the Summons & Complaint is annexed hereto as **Exhibit A**.

3. The Complaint names two defendants, namely Uber, and the unknown "John Doe," as the vehicle operator. Uber is a corporation formed under the laws of the State of Delaware with its principle place of business located in California.

4. Although, Plaintiff asserts in the Complaint that she sustained "serious" injuries, she does not allege any specific amount of damages. (Exhibit A, ¶22).

5. However, following the filing of the Complaint, Plaintiff made a demand of $425,000, and disclosed that she underwent right knee and right shoulder surgeries allegedly as a result of the collision giving rise to this lawsuit. A copy of email correspondence dated June 27, 2022, is annexed hereto as **Exhibit B.**

## TIMELINESS OF REMOVAL

6. Pursuant to §1446(b), a notice of removal must be filed within 30 days after receipt by the defendant of an initial pleading or "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (b)(3). The pleading, motion, or other paper must enable "a defendant to intelligently ascertain removability" by providing "the necessary facts to support the removal petition." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001) (internal quotation marks, citation, and alteration omitted).

7. The Second Circuit has directed use of a "bright line rule" that the 30-day "removal clock does not start to run until the plaintiff serves the defendant with a paper that

explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

8. In the present circumstance, Plaintiff's Complaint, which is dated June 14, 2022, but with no known service date, does not specify the amount of damages being sought.

9. However, on June 27, 2022, Plaintiff's counsel disclosed by written email that not only had Plaintiff undergone a right knee surgery and right shoulder surgery, but that Plaintiff's demand in the case was $425,000. *See* **Exhibit B;** *see also Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010); *Mitilinios v. Costco Wholesale Corp.*, No. 17-CV-5306 (AMD) (SMG), 2018 U.S. Dist. LEXIS 16861, at *9 (E.D.N.Y. Jan. 31, 2018); *Butera v. Sw. Airlines Co.*, 2012 U.S. Dist. LEXIS 126092, 2012 WL 3860802, at *2 (W.D.N.Y. Sept. 5, 2012) (citing *Luo*, 625 F.3d at 775-76) ("[Plaintiff's] five-page pre-suit demand letter for $149,970 of special damages is sufficient to prove by a preponderance of the evidence that the plaintiff put in controversy $149,970 when she demanded it shortly before she filed the action in state court.")

10. Accordingly, since Uber filed this Notice of Removal within 30 days of Plaintiff's written demand disclosing that the amount in controversy is in excess of $75,000, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446 (b)(3).

## DIVERSITY OF CITIZENSHIP

11. Complete diversity of citizenship exists in this matter because the only properly joined Defendant Uber is a citizen of a different state than Plaintiff. *See* 28 U.S.C. § 1332(a).

12. Plaintiff alleges that Plaintiff is an individual residing in Kings County, New York. Plaintiff is therefore a citizen of New York for diversity purposes. (Exhibit A, ¶1).

13. At the time of the filing of the Complaint, Uber Technologies, Inc. was, and still is currently, a corporation formed under the laws of the State of Delaware with its principal place of

business located at 1515 3rd Street, San Francisco, CA 94158. Uber Technologies, Inc. is therefore not a citizen of New York for diversity purposes.

## AMOUNT IN CONTROVERSY

14. Based on Plaintiff's demand of $425,000, and her disclosure regarding the nature of the injuries, namely right shoulder and right knee surgeries, Plaintiff's alleged damages satisfy the jurisdictional minimum of $75,000.00 required for diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Yong Qin Luo,* 625 F.3d at 776; *Mitilinios*, No. 17-CV-5306 (AMD) (SMG), 2018 U.S. Dist. LEXIS 16861, at *9; *Butera v. Sw. Airlines Co.*, 2012 U.S. Dist. LEXIS 126092, 2012 WL 3860802, at *2.

15. Thus, it is apparent from Plaintiff's disclosure of a right shoulder surgery and right knee surgery and the June 27, 2022, email establishing a $425,000 demand, that Plaintiff is alleging damages in excess of the $75,000 amount necessary to establish diversity jurisdiction.

## ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET

16. Pursuant to 28 U.S.C. §§ 1441(a) and 1441(6), Uber is filing this Notice of Removal in the federal district court for the district within which the State Court Complaint was filed.

17. Pursuant to 28 U.S.C. § 1446(a), Uber attaches copies of the all process, pleadings and orders that have been filed, served or received by Uber in the State Court Action to this Notice. To date, the only paper filed in the State Court Action is the Complaint, which was previously annexed as Exhibit A.

18. Since Uber is the only properly named and joined defendant in this action, it is not required to seek consent of any party prior to filing this removal. *See* 28 U.S.C. § 1446(b)(2)(A).

19. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the Eastern District of New York, as the Complaint in this action was filed in the Supreme Court of the State of New York, County of Kings.

20. Uber will give written notice of the filing of this Notice of Removal to all other parties and will file a copy of this Notice of Removal with the Clerk of the Supreme Court, County of Kings, as required by 28 U.S.C. § 1446(d).

21. In removing this action, Uber does not intend to waive any rights or defenses to which they are otherwise entitled to under the Federal Rules of Civil Procedure.

22. Based on the record submitted with this Notice, this Court has jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

**WHEREFORE,** Uber Technologies, Inc. respectfully request that this action proceed in the United States District Court for the Eastern District of New York, as an action properly removed from state court.

Dated: July 19, 2022
      White Plains, New York

                              Respectfully submitted,

                WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                *Joshua S. Stern*

By:   Joshua S. Stern (JS0322)
       *Attorneys for Defendant*
       *UBER TECHNOLOGIES, INC.*
       1133 Westchester Avenue
       White Plains, NY 10604
       New York, NY 10017
       Tel: (914) 872-7177
       E-mail: joshua.stern@wilsonelser.com
       File No. 15422.1408

## **CERTIFICATE OF SERVICE**

    I hereby certify under penalty of perjury that on July 19, 2022 the foregoing was filed electronically through ECF with the United States District Court for the Eastern District of New York and served by mail, postage prepaid, by all counsel of record:

Robert Yadgarov, Esq.
Yadgarov & Associates, PLLC
*Attorneys for Plaintiff*
608 Fifth Avenue, Suite 1000
New York, New York 10020

John Doe
(no appearance)

              *Joshua S. Stern*
              Joshua S. Stern

273147153v.1