UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
AYANA E. APARICIO,

                        Plaintiff,

    - against -

UBER TECHNOLOGIES, INC. and LOUIS
GANGONE,

                        Defendants.
---------------------------------------------------------x

**REPORT AND
RECOMMENDATION**
22-CV-4244-OEM-SJB

**BULSARA, United States Magistrate Judge:**

    This personal injury action was originally filed by Plaintiff Ayana E. Aparicio ("Aparicio"), a citizen of New York, in New York State Supreme Court on June 14, 2022. Aparicio named Uber Technologies, Inc. ("Uber") as a defendant along with an unnamed John Doe.  On July 19, 2022, Uber removed the action to this Court.  On October 20, 2022, Aparicio filed a motion seeking to amend the Complaint to substitute Louis Gangone ("Gangone")—a non-diverse party—for John Doe, whose presence would destroy the Court's subject matter jurisdiction, and to remand the case to state court. The Honorable Pamela K. Chen referred the motion to remand to the undersigned.  For the reasons stated below, the Court respectfully recommends that the motion be granted, and the case be remanded.

<u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

    Aparicio filed this lawsuit to recover for personal injuries she sustained in a motor vehicle accident on December 11, 2018.  (*See* Compl. dated June 14, 2022 ("Compl."), Dkt. No. 1-2 ¶ 18).  Aparicio alleges she was a lawful pedestrian when a 2018 Honda motor vehicle struck her.  (*Id.* ¶¶ 10, 17).  After investigation, it was determined

that the registered owner of the vehicle was CarFlo, LLC ("CarFlo").  (Decl. of Ronald S.
Ramo dated Sept. 6, 2022 ("Ramo Decl."), Dkt. No. 23 ¶ 12).  On March 5, 2020,
Aparicio commenced a personal injury action in Kings County Supreme Court against
CarFlo and "John Doe," the unknown driver of the vehicle (the "2020 Action").  (*Id.*
¶ 13).  Though the case was trial-ready, the Supreme Court marked the action disposed
pursuant to N.Y. C.P.L.R. 3404 on April 21, 2022, (*id.* ¶ 17), for an apparent failure to
file a Note of Issue.

On June 14, 2022, Aparicio filed a new and separate action in Kings County
Supreme Court for injuries she sustained from the same December 11 automobile
collision.  (*See* Compl.).  This time, she named Uber as a defendant, the alleged owner of
the vehicle.  She also sued "John Doe," again a placeholder for the unknown driver.
CarFlo was not named as a defendant.

Uber removed the case to this Court on July 19, 2022, invoking the Court's
diversity jurisdiction under 28 U.S.C. § 1332(a).  (Notice of Removal dated July 19, 2022
("Notice of Removal"), Dkt. No. 1).  On July 25, 2022, Uber sought a pre-motion
conference regarding an anticipated Federal Rule 12(b)(6) motion to dismiss based
upon Aparicio's alleged failure to file suit within the statute of limitations.  (Mot. for
Pre-Mot. Conference, Dkt. No. 5).  Judge Chen denied the request, but directed the
parties to submit a proposed joint briefing schedule for the motion to dismiss.  (Order
dated July 27, 2022).

That same day, Aparicio filed an Amended Complaint substituting "Louis
Gangone" for the unnamed "John Doe"—the operator of the vehicle.  (Am. Compl. dated
July 27, 2022 ("Am. Compl."), Dkt. No. 8).  Aparicio simultaneously sought a pre-
motion conference for an anticipated motion to remand because the joinder of

2

Gangone—a New York resident—adverse to Aparicio, also a New York resident, destroyed the complete diversity necessary for subject matter jurisdiction. (Mot. for Pre-Mot. Conference dated July 27, 2022, Dkt. No. 9). Judge Chen thereafter directed the parties to submit a proposed briefing schedule for both Uber's motion to dismiss and Aparicio's motion to remand. (Order dated July 28, 2022). Pursuant to the Court-ordered briefing schedule, the fully briefed motions were filed on October 20, 2022.[1] (Mot. to Dismiss, Dkt. No. 22; Mot. to Amend & Remand, Dkt. No. 23).

On April 10, 2023, Uber filed a motion to withdraw its pending motion to dismiss, which the Court granted. (Mot. to Withdraw, Dkt. No. 27; Order dated Apr. 10, 2023). Judge Chen referred Aparicio's motion to remand to the undersigned for a report and recommendation. (Order dated Apr. 10, 2023). The case was then reassigned to the Honorable Orelia E. Merchant. (Case Reassignment dated July 6, 2023).

DISCUSSION

The federal removal statute, 28 U.S.C. § 1441(a), provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." In other words, an action may be removed from state court "if the district

---

[1] Aparicio framed her submission as a joint motion to amend her Complaint and remand. (*See* Dkt. No. 23). The mistitling of the motion has created unnecessary confusion, which the Court addresses below. Because the "motion to amend" is unnecessary—the Amended Complaint is already the operative pleading—the Court refers to the motion as one solely seeking remand. To avoid any prejudice to Uber, the Court nonetheless addresses the substantive arguments in Uber's opposition to amendment. And because the motion to amend is unnecessary, it is denied as moot.

court has original subject matter jurisdiction over the plaintiff's claim." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 271 (2d Cir. 1994).

A district court has original subject matter jurisdiction in a diversity action. The requirements of diversity jurisdiction are in 28 U.S.C. § 1332. Section 1332(a)(1) provides that diversity jurisdiction exists only when the opposing parties in the lawsuit are "citizens of different States." This is a "complete" diversity requirement. That is, all the parties on one side of the case must be citizens of a different state from each of the parties on the other side. *See St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant."). Thus, the removing party must show that there is complete diversity between the plaintiff and defendants.[2]

Aparicio is a citizen of New York. (Notice of Removal ¶ 12). Uber is a Delaware corporation with its principal place of business in California. (*Id.* ¶ 13). Thus, complete diversity existed at the time of removal. However, Gangone is a New York resident. (Am. Compl. ¶ 5). As such, his addition destroys diversity—a New York citizen is both a plaintiff and a defendant—and this Court would lack subject matter jurisdiction and be required to remand the case. Uber contends that Gangone should be dismissed and, in the alternative, is fraudulently joined; either result requires denial of the motion to remand. These arguments are analyzed below, and are without merit.

I.      Amendment as a Matter of Right

Rule 15 permits a party to "amend its pleading once as a matter of course within: (A) 21 days after serving" the original pleading, or (B) "21 days after service of a

---

[2] Diversity jurisdiction only exists if the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332(a). This is not an issue in this case.

responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)."
Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the
opposing party's written consent or the court's leave.  The court should freely give leave
when justice so requires."  Fed. R. Civ. P. 15(a)(2); 6 Charles Alan Wright & Arthur R.
Miller et al., *Federal Practice and Procedure* § 1480 (4th ed. 2022) ("When this time
period expires or the party already has amended the pleading, [amendment as of right]
no longer applies and an amendment falls under Rule 15(a)(2), which requires leave of
court or the written consent of the opposing party.").

Aparicio filed an Amended Complaint on July 27, 2022, two days after Uber
requested a pre-motion conference in anticipation of a motion to dismiss for failure to
state a claim under Rule 12(b)(6).  Aparicio's filing fits comfortably within the time to
amend as of right under Rule 15(a)(1), since it was less than 21 days after Uber's Rule 12
motion.  Nonetheless, Uber contends that this amended pleading is barred.  It argues
that, although Rule 15(a)(1) would "normally permit [Aparicio] to amend her complaint
as a matter of right," she must first seek permission—that is, leave of the Court—
pursuant to 28 U.S.C § 1447(e), because she is attempting to join a non-diverse party.
(Uber's Mem. of Law in Opp'n to Mot. to Remand dated Oct. 6, 2022 ("Uber Mem."),
Dkt. No. 23-1 at 4).  Uber is incorrect.

A Rule 15 amendment as of right—as the nomenclature "as of right" implies—is
unconditional and neither requires court nor adverse party approval.  6 Wright & Miller
et al., *supra*, § 1480 ("Rule 15(a)(1) states that a party may amend a pleading once
*without the permission of the court* or the consent of any of the other parties to the
action if [certain conditions are met]." (emphasis added) (footnotes omitted)).  To deny
a party the ability to amend as of right is error.  *In re Agent Orange Prod. Liab. Litig.*,

517 F.3d 76, 103–04 (2d Cir. 2008) ("[T]he Stephensons were entitled to amend their complaint as a matter of right without leave of the district court . . . . [T]he district court erred in denying the amendment.").

Uber is attempting, in essence, to import the futility bar on amendment contained in Rule 15(a)(2). That is, it contends because the Amended Complaint robs the Court of subject matter jurisdiction, amendment should not be permitted. There is a fundamental procedural problem with this position.

Aparicio's Amended Complaint *is* the operative pleading: it was filed on July 27, 2022. At that time, she did not—and did not need to—file a motion to amend. That is the nature of amendment as of right—no motion is necessary. *E.g.*, *Taylor v. Abate*, No. 94-CV-0437, 1995 WL 362488, at *1 (E.D.N.Y. June 8, 1995) ("Rule 15(a) provides Taylor with the right to amend his complaint 'as a matter of course' before it is answered. Thus, his motion to amend his complaint . . . is unnecessary[.]"). And since the Amended Complaint is the operative pleading, the proper procedural move by Uber was to file a Rule 12 motion to dismiss. It did but later withdrew the motion. To be fair, Aparicio created serious confusion by titling her motion as one to remand and to amend. Uber cannot be faulted for raising arguments in response to a purported motion to amend. But in the end, there is no basis to oppose amendment because the amendment has already occurred, and the new pleading is operative.

Moreover, futility arguments are not proper in response to amendment as of right. *E.g.*, *Gosain v. State Bank of India*, 414 F. App'x 311, 315 (2d Cir. 2011) (concluding it was "error" for the trial court to reject the amended complaint on futility grounds when plaintiff "still had the right to file an amended pleading as a matter of course without leave of the court pursuant to Rule 15(a)"); *Shipkovitz v. Barr*, No. 18-

CV-1264, 2019 WL 1082161, at *5 (D.D.C. Mar. 7, 2019) ("[A]rguments regarding bad faith and futility are misplaced because these exceptions apply to motions seeking leave to amend a complaint pursuant to Rule 15(a)(2), and have no bearing on amendment as of right pursuant to Rule 15(a)(1)." (citation omitted)).  (To the extent that a pleading made as of right is futile, the proper course is to file a motion to dismiss, as noted above.)

But Uber is correct in its citation to 28 U.S.C. § 1447(e).  Where the amendment does implicate subject matter jurisdiction, the Court may consider whether to drop the newly added party to preserve subject matter jurisdiction.  Courts in this Circuit agree that § 1447(e) "governs post-removal joinder of non-diverse defendants even when a complaint is amended as of right under Rule 15."  *Isaly v. Bos. Globe Media Partners, LLC*, No. 22-CV-2254, 2023 WL 144854, at *3 (S.D.N.Y. Jan. 10, 2023) (collecting cases); *McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F. Supp. 2d 258, 261–62 (E.D.N.Y. 2009) (collecting cases).  Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  That is, a district court has the discretion to determine the propriety of the joinder—and drop the party under Federal Rule 21—even *after* a plaintiff has amended her complaint as a matter of course:

> [C]ourts have reasoned . . . that a plaintiff using Rule 15(a)(1) nonetheless "seeks" to accomplish a result inconsistent with a defendant's right to remove, and that section 1447(e)'s removal-specific provision for judicial review prevails over the earlier, general amendment provisions of Rule 15(a)(1); they generally apply Federal Rule of Civil Procedure 20 and a test of fundamental fairness to determine whether the amendment should be permitted to stand and destroy the jurisdictional basis that supported removal in the first instance.

*Isaly*, 2023 WL 144854, at *3.[3]  But as detailed below, under this analysis, dropping Gangone is unwarranted.

II.      Propriety of Joinder

In evaluating the propriety of the joinder, courts engage in a two-step analysis. *First*, the joinder must satisfy Rule 20, which permits joinder of multiple defendants in one action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative . . . aris[es] out of the same transaction, [or] occurrence . . . ; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20; *Isaly*, 2023 WL 144854, at *4.

Here, it is clear that Aparicio's negligence claims against Uber and Gangone arise from the same "transaction or occurrence"—the December 11 motor vehicle accident causing her injuries—and are both derived from a common set of facts.  The Amended Complaint also alleges Aparicio's injuries were "caused by the joint, several and/or concurrent negligence of the Defendants."  (Am. Compl. ¶ 20).  There is no reasonable argument that under Rule 20 joinder of Gangone is inappropriate.

*Second*, courts employ a "fundamental fairness" analysis to determine whether the balancing of certain factors "weighs in favor of joinder and its necessarily attendant remand."  *Naber v. First Am. Title Ins. Agency, Inc.*, No. 22-CV-6166, 2022 WL 16832644, at *6 (W.D.N.Y. Nov. 9, 2022) (quotations omitted).  These factors include: "(i) any delay and the reason for delay; (ii) prejudice to the defendant; (iii) the likelihood of multiple litigation; and (iv) the plaintiff's motivation in seeking joinder."  *Hercules Pharms., Inc. v. AmerisourceBergen Corp.*, No. 23-CV-2876, 2023 WL 4975978, at *2

---

[3] Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.

(E.D.N.Y. Aug. 3, 2023) (citing *Isaly*, 2023 WL 144854, at *3).

The first factor favors joinder, since Aparicio moved to amend her Complaint to add Gangone and remand the case a mere eight days after the case was removed to this Court. *See, e.g.*, *id.* ("[T]he Court finds that Plaintiff did not delay in seeking Ahmad's joinder—nor does Defendant argue as much—because the time elapsed between Defendant's April 18, 2023 removal and this motion for remand was merely 17 days.") (collecting cases).

As to prejudice to Uber, it is minimal. Although the Court has entered a Rule 16 scheduling order, the case is still in its early stages. (*See* Scheduling Order dated Sept. 23, 2022). Discovery is still ongoing, and after the present motion was briefed, Uber withdrew its motion to dismiss. (*See id.* (setting close of discovery as September 16, 2023)). And Uber has not argued that it invested significant time, effort, or resources developing a litigation strategy only available in federal court. "Nor has this action advanced in any way to a point where remanding it to state court with additional defendants will require [Uber] to revise or abandon a litigation strategy for which resources have already been expended." *Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 364 (S.D.N.Y. 2003). To the extent that discovery needs to be extended to account for the lost time from moving the case to federal court, there is no apparent barrier to the state court so doing. Consequently, the Court finds little evidence of prejudice were it to permit joinder of Gangone and remand the case.

Courts addressing the third factor "consider whether denying joinder will result in two parallel litigations—one in state court and one in federal court." *Vanderzalm v. Sechrist Indus., Inc.*, 875 F. Supp. 2d 179, 186 (E.D.N.Y. 2012). Denying Aparicio's motion "will create multiple litigations," *Nazario*, 295 F. Supp. 2d at 364, both of which

arise out of the same event, a single car accident, and for which she is only entitled to a single recovery.  Permitting a federal litigation to proceed against Uber, while a state litigation proceeds against Gangone, raises the potential need to reconcile two verdicts (either as to liability or to net damages), a prospect that can be avoided by litigating in a single forum, which would also be more efficient.  A single litigation avoids duplication of discovery and trial testimony, and the unnecessary need for two judges to oversee what amounts to essentially the same case.  *See, e.g.*, *Vanderzalm*, 875 F. Supp. 2d at 186–87 ("Here, joinder followed by remand could allow the Plaintiffs to resolve all of their claims relating to their injuries in a single action and avoid the specter of inconsistent judgments.  Therefore, remand here would promote judicial efficiency by preventing redundant discovery and witness testimony at two separate trials."); *Corona Grp., LLC v. Park*, No. 21-CV-2889, 2022 WL 16838191, at *5 (S.D.N.Y. Nov. 9, 2022) ("The third factor under § 1447(e) weighs heavily in favor of joinder because the current parallel litigations in state and federal court risk inconsistent outcomes and represent a waste of resources.") (collecting cases).

Uber contends there is no risk of multiple litigation or inconsistent judgments because the 2020 state court action is inactive.  It contends that Aparicio's state action was marked as "disposed" and "dismissed" on April 21, 2022 due to a failure to file the required Note of Issue, which "signifies readiness for trial."  (Uber Mem. at 7).  And it contends there is no indication Aparicio intends to reopen that case (or has attempted to do so), or that the action could even be "procedurally restored," (*id.* at 7–8), because of

N.Y. C.P.L.R. 3404, which bars restoration of a closed case absent certain exceptions.[4]

There are few problems with this argument.  It is not at all clear why the first state court case initiated by Aparicio has any relevance to this case.  The first case was initiated against CarFlo and "John Doe."  That case was not the one removed to this Court.

Uber assumes that because Aparicio first tried to sue the driver of the vehicle in a case that was terminated, she could not now sue Gangone.  Gangone was never substituted for "John Doe" in the first suit.[5]  Nor does it appear that he could have been, since Aparicio claims to have only learned of Gangone's identity in July 2022, *see infra*, after this first state action ended.  Uber points to no authority to show that N.Y. C.P.L.R. 3404 bars revival of a suit against a party who could have been, but was not, named as a defendant.[6]

---

[4] C.P.L.R. 3404 provides that a case struck from the calendar, and not restored within one year, "shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute."  N.Y. C.P.L.R. 3404.

[5] "A plaintiff 'who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party' may proceed against that party by designating a fictitious name (a 'John Doe') until they become aware of that party's identity."  *Barrett v. City of Newburgh*, 720 F. App'x 29, 33 (2d Cir. 2017) (quoting N.Y. C.P.L.R. 1024).  And "replacing a 'John Doe' with a named party in effect constitutes a change in the party sued."  *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (quotations omitted).  Gangone was never named in any state court action; only a "John Doe"—an unknown, unnamed party—was a defendant.

[6] Uber's assertions about the implications of a state court dismissal are also unfounded.  A case marked "disposed" can be restored to active status upon motion.  *See, e.g.*, *Bilkho v. Roosevelt Square, LLC*, 157 A.D.3d 849, 849–50 (2d Dep't 2018).  But a C.P.L.R. 3404 dismissal itself is subject to exception.  *Yacono v. Waterman S.S. Co.*, 216 A.D.2d 556, 557 (2d Dep't 1995) ("It is well settled that a party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the absence of prejudice to the nonmoving

Uber also confuses revival of a dismissed lawsuit and initiation of a new lawsuit. A C.P.L.R. 3404 dismissal "is not 'on the merits,' and . . . *res judicata* cannot be triggered by such a disposition." *Gonzalez v. U.S. Lines*, No. 96-CV-2198, 1996 WL 603931, at *2 n.1 (S.D.N.Y. Oct. 22, 1996) (Sotomayor, J.).  Thus, even if C.P.L.R. 3404 barred revival of Aparicio's first lawsuit, there is no barrier (except for a statute of limitations defense) to initiating a new lawsuit against Gangone in state court. *Persaud v. Goriah*, 143 Misc. 2d 225, 229 (N.Y. Sup. Ct. 1989) ("Under CPLR 3404 a case marked 'off' the calendar that is not restored within one year 'shall be deemed abandoned and shall be dismissed.'  That dismissal is not on the merits and, subject to the Statute of Limitations, a new action may be commenced.").  And thus all the downsides of duplicative litigation exist, notwithstanding the dismissal of the first state court lawsuit.  This factor, therefore, favors keeping Gangone in the present suit.

The fourth factor—the plaintiff's motivation for seeking joinder and remand—"is the most significant consideration in the fairness analysis." *Isaly*, 2023 WL 144854, at *5 (quotations omitted).  "A principal desire to destroy the court's basis for diversity jurisdiction is an impermissible motive for seeking joinder and remand after removal to federal court." *Id.*  Where the other three factors are met, a court is required to remand the case "unless a plaintiff seeks to add a non-diverse party *solely* to destroy the court's basis for diversity jurisdiction." *Durstenberg v. Electrolux Home Prods., Inc.*, No. 15-CV-9277, 2016 WL 750933, at *2 (S.D.N.Y. Feb. 23, 2016) (quotations omitted).

Here, Aparicio contends her motive for the joinder is her "late discovery" of Gangone's identity.  (Mem. in Supp. of Mot. to Amend & Remand dated Sept. 6, 2022

_____

party.").  It is hardly beyond peradventure that these factors could be satisfied, when—as discussed below—Aparicio claims only to have learned in 2022 of Gangone's identity.

("Pl. Mem."), Dkt. No. 23 at 2).  Aparicio's counsel "discovered" on July 26, 2022, that the driver's name was contained in a communication by the insurance carrier.  (Ramo Decl. ¶ 18).  This explanation is wanting.  Counsel does not say when the insurance provider made this communication, or how long the identifying document was in his possession.  He appears to imply such information was available at the time the 2020 Action was commenced: the communication was "overlooked due to law office failure in relying on an electronic file that was not identical to the paper file."  (Reply Mem. in Supp. of Mot. to Amend & Remand dated Oct. 20, 2022 ("Pl. Reply"), Dkt. No. 23-6 at 2; Pl. Mem. at 2).

This "discovery" explanation is, at best, feeble.  There is clearly another more obvious, plausible motivation for the timing of Aparicio's amendment other than returning the case back to state court—the timely assertion of a negligence claim against the driver who struck her.  Far more likely than belated disclosure by the carrier, the timing of Aparicio's amendment resulted from her counsel's realization that the statute of limitations was running out, and her counsel conducted a more thorough search of his files.  Counsel admits as much.  (*See* Pl. Reply at 3 ("[The] failure to name Louis Gangone as a party in this action was based on a mistake and the desire to add him to this action was [to] preserve claims against him before the statute of limitations expired.")).  This realization may not have been a diligent one, but it is not evidence of a desire to manipulate jurisdiction.

Yet, Uber maintains the addition of Gangone at this juncture was interposed "for no reason other than manipulation of this Court's jurisdiction."  (Uber Mem. at 1).  But it offers nothing other than a conclusory say-so.  It offers no reason to doubt counsel's explanation.  It does not offer evidence that Aparicio did not intend to name the driver

in the lawsuit and only did so to deprive this Court of jurisdiction.

To the contrary, Aparicio sued "John Doe"—identifying him as a driver defendant, (Compl. ¶ 7), at the very outset of the federal litigation (that is, in her Complaint which serves as the basis for removal to this Court). As such, it has always been her intention to sue Gangone. That Gangone ultimately turned out to be a New York citizen—such that complete diversity is lacking—is not something of Aparicio's making or her control. Merely naming a party, who turns out to destroy diversity, is insufficient to conclude that the plaintiff intended to rob the federal court of jurisdiction. Something more is required, such as asserting a frivolous claim against the new party, or suddenly reversing course after previously disclaiming an intent to sue that party. The authorities cited by Uber, in fact, demonstrate why improper motivation is not to be inferred in this case.

For instance, Uber relies on *Mraz v. JPMorgan Chase Bank, N.A.*, where the court suggested that the case chronology—the plaintiffs' joinder of a non-diverse party was done contemporaneously with their motion to remand—compelled an inference that the "complaint was amended with the deliberate purpose of divesting" the court of jurisdiction. No. 17-CV-6380, 2018 WL 2075427, at *2 (E.D.N.Y. May 3, 2018) (quotations omitted). But timing alone did not compel the result in *Mraz*. The non-diverse parties in *Mraz* were not being added to replace "John Doe" parties; rather, it appears the plaintiffs sought to add such parties "out of whole cloth." (Pl. Reply at 2); *Mraz*, 2018 WL 2075427, at *7 ("Plaintiffs do not have a good explanation for why JPMS was not named as a defendant in the original complaint."). Moreover, in denying joinder—after first discussing the case chronology—the court held: "Plaintiffs cannot (and do not) state any viable causes of action against [the non-diverse parties]." *Mraz*,

2018 WL 2075427, at *7.  As discussed below, that is not the case here: Aparicio has, in fact, alleged a plausible negligence claim against Gangone.

Uber makes a separate motivation argument, that Aparicio's motive was improper in light of her commencement of duplicative lawsuits.  (Uber Mem. at 7). Specifically, Aparicio already filed an earlier 2020 action in Kings County Supreme Court for negligence arising from the same motor vehicle accident as the instant litigation, "similarly naming the driver"—Gangone—as "John Doe."  (*Id.*).  Thus, Uber maintains Aparicio improperly named the driver in two separate, pending actions for the same incident.  But that is not evidence of a desire to manipulate jurisdiction, but of a consistent desire to name the driver as a defendant.  Moreover, a suit against a John Doe is not duplicative of the suit against the substituted party, because the substitution constitutes a change in party.  *See supra* n.5.  And Gangone was never named in the state suit, which was also not against Uber, but CarFlo.  The two are not duplicative.[7]

As a result, all of the factors under the § 1447(e) analysis favor keeping Gangone in the case as a defendant.

## III.   Fraudulent Joinder

Uber separately argues that joinder of Gangone is fraudulent and his presence should be disregarded for the purposes of evaluating whether complete diversity exists.

---

[7] Uber's argument is also in some tension with the position it takes elsewhere.  On the one hand, Uber argues the 2020 action and this case are duplicative, suggesting Aparicio's motive in substituting Gangone in the federal suit was to defeat diversity jurisdiction.  (*See* Uber Mem. at 1; *id.* at 7).  But on the other hand, Uber argues there is no pending state court case and no possibility of its revival, and thus, no risk of multiple litigation.  (*See id.* at 7–8).  Uber cannot argue the state action is "pending"—to prevail on one factor (motive)—but simultaneously argue the state action should be considered done with—to prevail on another (the possibility of parallel state litigation).  (*Compare id.* at 1 (arguing the "earlier and duplicative 2020 lawsuit . . . is pending in state court"), *with id.* at 7 ("[T]here is no pending action to consolidate.")).

"[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *CMGRP, Inc. v. Agency for the Performing Arts, Inc.*, 689 F. App'x 40, 41 (2d Cir. 2017) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001)).  To prove a "fraudulent joinder," the defendant "must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Whitaker*, 261 F.3d at 207 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)); *see also id.* ("Joinder will be considered fraudulent when it is established that there can be no recovery . . . under the law of the state on the cause alleged." (quotations omitted)).  The defendant bears a "heavy burden" in demonstrating that there has been a fraudulent joinder.  *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004); *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994) ("The burden of persuasion upon those who cry fraudulent joinder is indeed a heavy one." (quotations omitted)).

If there is a "fraudulent joinder," the court may "overlook the presence of a non-diverse defendant" in determining whether diversity jurisdiction attaches.  *Briarpatch Ltd.*, 373 F.3d at 302; *Quinn v. Post*, 262 F. Supp. 598, 602 (S.D.N.Y. 1967) ("[T]he pleading cannot defeat the nonresidents' right to removal if the resident defendants have no real connection with the controversy.").[8]

---

[8] Fraudulent joinder differs from fraudulent misjoinder.  "In the typical fraudulent joinder situation, a diverse defendant argues that the plaintiff is attempting to join a non-diverse defendant against whom the plaintiff has no real claim solely to

Although removal is determined by federal law, the question of whether a plaintiff can recover against the non-diverse defendant is determined by state substantive law. *See Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 378 (S.D.N.Y. 2006) ("The test . . . is uniformly whether plaintiff can establish a claim under state, not federal law." (quotations omitted)). Relatedly, the court must use *state* pleading rules in analyzing whether the plaintiff has stated a viable state law claim against the non-diverse defendant. *Gensler v. Sanolfi-Aventis*, No. 08-CV-2255, 2009 WL 857991, at *3 n.3 (E.D.N.Y. Mar. 30, 2009) ("Though the parties cite principally to federal procedural rules, the better view is that state procedural rules apply in evaluating a claim of fraudulent joinder."); *Kuperstein v. Hoffman-Laroche, Inc.*, 457 F. Supp. 2d 467, 471–72 (S.D.N.Y. 2006) (relying on state procedural rules because the purpose of fraudulent joinder analysis is to determine whether a *state* court might permit a plaintiff to proceed with his claims).

"[I]n general, there need be only a possibility that a right to relief exists under the governing law to avoid a court's finding of fraudulent joinder, and the plaintiff's ultimate failure to obtain a judgment is immaterial." 14B Wright & Miller, *supra*, § 3723.1 (footnote omitted). In other words, "there is no requirement that [the plaintiff's] recovery in state court be reasonably likely." *Battaglia v. Shore Parkway Owner LLC*, 249 F. Supp. 3d 668, 672 (E.D.N.Y. 2017) (alteration in original)

---

defeat federal jurisdiction. In the fraudulent *misjoinder* situation, by contrast, a diverse defendant argues that a plaintiff has added claims to the complaint—either claims by other non-diverse plaintiffs or claims against other non-diverse defendants—which, although perhaps valid, are nevertheless not properly joined under the applicable permissive joinder rules." *In re Propecia (Finasteride) Prod. Liab. Litig.*, No. 12-CV-2049, 2013 WL 3729570, at *4 (E.D.N.Y. May 17, 2013) (citation omitted) (emphasis in original), *report and recommendation adopted*, Minute Order (June 6, 2013).

(quotations omitted).  Defendants can only prevail on a fraudulent joinder argument if there is "no possibility" that the plaintiff could recover against the non-diverse defendant.  *Id.*; *CMGRP, Inc.*, 689 F. App'x at 41 (quotations omitted).

"As an initial matter, the doctrine of fraudulent joinder is legally inapplicable when, as here, a nondiverse party is added after removal."  *Begani v. 960 Assocs. LLC*, No. 18-CV-12000, 2021 WL 5362173, at *6 (S.D.N.Y. May 10, 2021) (alterations and quotations omitted), *report and recommendation adopted*, 2021 WL 4892865, at *2 (Oct. 20, 2021).  That is because "the doctrine has permitted courts to ignore (for jurisdictional purposes) only those non-diverse parties *on the record in state court at the time of removal.*"  *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999).  "[S]ince the federal court already possesses jurisdiction [following removal], it need not 'ignore' the citizenship of 'fraudulently joined' defendants in order to dismiss them from the case; rather, it can simply decline to permit joinder of the nondiverse defendant in the first place."  *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999).  Consequently, to the extent that fraudulent joinder is considered post-removal, "it can be a relevant factor for determining whether to permit joinder under § 1447(e)."  *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009).  In other words, § 1447(e) provides the proper basis to analyze joinder of diversity-destroying parties post-removal, and at best, fraudulent joinder can be a factor in § 1447(e) analysis.  *Id.* ("[T]he fraudulent joinder doctrine is not *dispositive* of whether joinder is improper; it is simply another tool in the district judge's belt for scrutinizing the plaintiff's motive for joining a nondiverse party.").  As noted, Aparicio's joinder of Gangone survives traditional § 1447(e) scrutiny, with all of the factors pointing towards keeping Gangone in the case.

But in any event, Uber's fraudulent joinder argument is unpersuasive.  It

therefore cannot neither resolve the subject matter jurisdiction question—because as noted, it is not dispositive in the post-removal context—nor tilt the § 1447(e) analysis in Uber's favor.

"New York has liberal pleading rules, especially for a summons with notice, which require that a plaintiff need only provide 'at least basic information concerning the nature of a plaintiff's claim and the relief sought.'" *MBIA Ins. Corp. v. Royal Bank of Can.*, 706 F. Supp. 2d 380, 394 (S.D.N.Y. 2009) (quoting *Parker v. Mack*, 61 N.Y.2d 114, 117 (1984)).  Under New York law, the owner and operator of a motor vehicle involved in an accident are jointly and severally liable for negligence.  *Mikelinich v. Caliandro*, 87 A.D.3d 99, 103 (2d Dep't 2011).  Further, the doctrine of *respondeat superior* "makes an employer 'vicariously liable for torts committed by an employee acting within the scope of the employment.'" *Doe v. Uber Techs., Inc.*, 551 F. Supp. 3d 341, 353 (S.D.N.Y. 2021) (quoting *Judith M. v. Sisters of Charity Hosp.*, 93 N.Y.2d 932, 933 (1999)).  In her Amended Complaint, Aparicio asserts a negligence claim against both Gangone and Uber, the driver and owner, respectively, of the vehicle that caused her injuries, and she further alleges Uber is also vicariously liable for Gangone's conduct by reason of their employment relationship.  (Am. Compl. ¶¶ 6–7, 20–21.)

Aside from statute of limitations, Uber does not argue that Aparicio has failed to state a plausible claim against Gangone (or that Gagnone is not liable for her injuries), nor could it.  Indeed, it suggests the opposite—that Gangone, and not Uber, should face liability because he is not an Uber employee.  (*See* Uber Mem. at 2 n.1 ("Uber vigorously denies that it is vicariously liable for the alleged actions of Defendant Gangone, who was nothing more than an independent contractor[.]")).  And then it proceeds to argue that

any claims against Gangone and Uber are barred by the statute of limitations.[9]

The statute of limitations argument has no merit.  "It is well established that in any action to recover damages for negligence, the plaintiff's claim accrues upon the date of injury."  *Thevenin v. Cooper*, No. 17-CV-5974, 2020 WL 13564046, at *5 (E.D.N.Y. Aug. 17, 2020) (alteration omitted) (quoting *Brooklyn Union Gas Co. v. Hunter Turbo Corp.*, 241 A.D.2d 505, 506 (2d Dep't 1997)).  Aparicio's claims, therefore, accrued on December 11, 2018, and she filed her Amended Complaint—naming Gangone as a defendant—on July 27, 2022.  Ordinarily, under the three-year statute of limitations, N.Y. C.P.L.R. 214(5), Aparicio's personal injury claim against Gangone would have been time-barred after December 11, 2021.  However, on March 20, 2020, New York's Executive Order 202.8 tolled "any specific time limit for the commencement, filing, or service of any legal action" because of the COVID-19 pandemic.  The tolling period was

---

[9] Uber's assertion that the claims against it be dismissed, (Uber Mem. at 9), confuses argument on the merits with those pertinent to fraudulent joinder—a doctrine that focuses on the new party, not the existing one.  *Intershoe, Inc. v. Filanto S.P.A.*, 97 F. Supp. 2d 471, 475 (S.D.N.Y. 2000) ("To show fraudulent joinder, defendants must show a flaw specific to the joinder of the non-diverse party, which is the jurisdictionally relevant aspect of the claim."); *see*, *e.g.*, *Saveria JFK, Inc. v. Flughafen Wien, AG*, No. 15-CV-6195, 2016 WL 11263673, at *8 (E.D.N.Y. May 3, 2016) ("In arguing that Sardana has no possibility of stating a timely claim, and thus was fraudulently joined as a plaintiff, defendant is essentially asking the federal court to dismiss the claims of *all plaintiffs* as untimely.  This should not be the Court's focus on a motion for remand based on fraudulent joinder.  Defendant's remedy against untimely claims is to assert its statute-of-limitations defense in state court, not to remove the action to federal court." (footnote omitted)), *report and recommendation adopted*, 2017 WL 1194656, at *5 (Mar. 30, 2017).

extended to November 3, 2020, for a total of 228 days.[10]  N.Y. Exec. Order 202.67 (Oct.

4, 2020).  Thus, the applicable statute of limitations was extended by 228 days until July

27, 2022, and Aparicio's negligence claim against Gangone is timely.[11]

---

[10] Uber directs the Court to its motion to dismiss, which presented arguments about whether the statute of limitations expired.  (Uber Mem. at 9).  However, following full briefing of the present motion, Uber withdrew its motion to dismiss.  (Mot. to Withdraw dated Apr. 10, 2023, Dkt. No. 27; Order dated Apr. 10, 2023).  The Court has no basis to consider withdrawn arguments; and in any event, Uber's statute of limitations argument is based on a legal misapprehension.  Uber contends that the Executive Order merely effected a "suspension," (Uber Mem. at 9), and the limitations period expired on December 11, 2021, (*id.*); that argument is flawed in two respects.  *First*, the Executive Orders tolled—rather than suspended—statutes of limitations.  *See, e.g.*, *McLaughlin v. Snowlift, Inc.*, 214 A.D.3d 720, 721 (2d Dep't 2023) (tolling negligence action); *Murphy v. Harris*, 210 A.D.3d 410, 411 (1st Dep't 2022); *Roach v. Cornell Univ.*, 207 A.D.3d 931, 933 (3d Dep't 2022).  (Uber's citations to trial level court opinions cannot be squared with the binding Appellate Division opinions to the contrary.)  A suspension would only have extended the statute of limitations period set to expire during the period the Executive Order was in effect, and not have affected those claims whose limitations were set to expire after the Executive Order ended.  *Brash v. Richards*, 195 A.D.3d 582, 582 (2d Dep't 2021) ("Unlike a toll, a suspension does not exclude its effective duration from the calculation of the relevant time period.  Rather, it simply delays expiration of the time period until the end date of the suspension." (quotations omitted)).  But because the limitations period was tolled, not suspended, the period of the toll—228 days—is "excluded from the calculation of the time in which the [plaintiff] can commence an action or proceeding."  *Roach*, 207 A.D.3d at 933 (quotations omitted); *McLaughlin*, 210 A.D.3d at 721.  *Second*, due to the tolling, the limitations period expired on July 27, 2022, not December 11, 2021.  *See generally N.Y.C. Transit Auth. v. Am. Transit Ins. Co.*, 211 A.D.3d 643 (1st Dep't 2022) (containing methodology for statute of limitations calculations affected by COVID-19 Executive Order).

[11] Uber also repeats its "duplicative litigation" argument—that Aparicio has named Gangone as a "John Doe" in both the 2020 Action and the present action—such that this case is subject to dismissal under C.P.L.R. 3211(a)(4).  (*See* Uber Mem. at 9).  But C.P.L.R. 3211(a)(4) is a state procedural rule that cannot be invoked in federal court.  *Catania v. United Fed'n of Tchrs.*, No. 21-CV-1257, 2022 WL 16821734, at *4 (S.D.N.Y. Oct. 17, 2022), *report and recommendation adopted in part, rejected in part*, 2023 WL 1962533, at *4 (Feb. 13, 2023); *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).  And on the merits, the Court finds Uber's duplicative litigation argument without merit.  *Supra* at 15.

<u>CONCLUSION</u>

For the reasons described above, the Court respectfully recommends Aparicio's motion to remand the case be granted, and the case be remanded to Kings County Supreme Court for further proceedings.  The motion to amend is denied as moot.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report.  Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

SO ORDERED.

<u>/s/ *Sanket J. Bulsara*</u>  August 16, 2023
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

22